UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

v.

Wendy Beard,

    Defendant.
_____/

23-20298
Judge Judith E. Levy
MG Kimberly G. Altman
Filed: 05/25/23

Violations:
18 U.S.C. § 1343

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES

### COUNT ONE
### 18 U.S.C. § 1343 - Wire Fraud

WENDY BEARD

1. Beginning at least as early as March 9, 2019, and continuing through at least October 14, 2022, in the Eastern District of Michigan, Southern Division, and elsewhere, defendant Wendy Beard (formerly Wendy Halsted) with the intent to defraud, knowingly devised and executed a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations.

2. The purpose of the scheme and artifice to defraud was for Beard to convert to her use multiple fine art photographs that had been provided to her on a

1

consignment basis, in order to sell those photographs and keep the proceeds for herself (rather than turning over the proceeds to the consignors).

3. Throughout the scheme, Beard repeatedly attempted to lull her victims into a false sense of security by offering excuses for her unwillingness or inability to promptly return the victims' photographs after the expiration of the operative consignment agreement(s). These excuses consisted, primarily, of exaggerating the severity of her own health, including claiming (1) to have recently been in a coma and (2) to have received a double-lung transplant. In other instances, Beard conveyed to her victims that there was a lack of interest among potential purchasers—despite having already sold the photograph(s) in question on at least one occasion. Beard also created fake "employee" identities which she used to correspond with her victims.

4. In executing the scheme, Beard made frequent use of wire communications in interstate commerce, including email messages and electronic funds transfers.

5. All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

6. The allegations set forth in Count One of this Information are hereby incorporated by reference for purposes of alleging forfeiture pursuant to the

provisions of Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

7. As a result of the forgoing violations of Title 18, United States Code, Section 1343, as charged in Count One of this Information, the Defendant shall forfeit to the United States any property, real or personal, which constitutes, or is derived from, any proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C) together with Title 28, United States Code, Section 2461(c).

8. Substitute Assets: If the property described above as being subject to forfeiture, as a result of any act or omission of the Defendant:

   a. Cannot be located upon the exercise of due diligence;

   b. Has been transferred or sold to, or deposited with, a third party;

   c. Has been placed beyond the jurisdiction of the Court;

   d. Has been substantially diminished in value; or

   e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

9. Money Judgment: Upon conviction of the violations alleged in Count One of this Information, the United States will seek a forfeiture money judgment

against the Defendant in an amount equal to the total amount of proceeds she obtained as a result of her violation of Title 18, United States Code, Section 1343 as alleged in this Information.

DAWN N. ISON
United States Attorney

*s/John K. Neal*
JOHN K. NEAL
Chief, White Collar Crime Unit

*s/Ryan A. Particka*
RYAN A. PARTICKA
Assistant United States Attorney

Dated: May 25, 2023

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number: |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based on **LCrR 57.10(b)(4)**[1]: | **Judge Assigned:** |
| ☐Yes ☑No | **AUSA's Initials:** R.A.P. |

**Case Title:** USA v. Wendy Beard

**County where offense occurred:** Oakland

**Offense Type:** Felony

Information -- based upon prior complaint [**Case number:** 22-30439]

**Superseding Case Information**

**Superseding to Case No:** _____    **Judge:** _____

**Reason:**

**Defendant Name**          **Charges**          **Prior Complaint (if applicable)**


**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case**

May 25, 2023
Date

*s/Ryan A. Particka*

Ryan A. Particka
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
ryan.particka@usdoj.gov
(313) 226-9635

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.