United States District Court
Eastern District of Michigan
Southern Division



JUL 13 2023

CLERK'S OFFICE
U.S. DISTRICT COURT
ANN ARBOR, MI

United States of America,

        Plaintiff,

                              Hon. Judith E. Levy

v.

                              Case No. 23-20298

Wendy Beard,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Wendy Beard, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.**   **Count of Conviction**

The defendant will waive her right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with Wire Fraud under 18 U.S.C. § 1343.

**2.**   **Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which she is pleading guilty carries the following maximum statutory penalties:

| Count 1 | Term of imprisonment: | 20 years |
|---|---|---|
| | Fine: | $250,000, or twice the pecuniary gain/loss |
| | Term of supervised release: | 3 years |

There are no statutory minimum penalties for this count of the Information.

**3.    Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes a sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional fraud charges against the defendant for the conduct reflected in the factual basis of this plea agreement.

**4.    Elements of Count of Conviction**

The elements of Count 1 Wire Fraud, are:

1. The defendant devised a scheme to defraud or to obtain money or property by means of materially false or fraudulent pretenses, representations or promises;

2. The defendant acted with the intent to defraud; and

3. In advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

5.     **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning at least as early as March 9, 2019, and continuing through at least October 14, 2022, in the Eastern District of Michigan, Southern Division, and elsewhere, defendant Wendy Beard (formerly Wendy Halsted) with the intent to defraud, knowingly devised and executed a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses and representations. The purpose of the scheme and artifice to defraud was for Beard to convert to her use multiple fine art photographs that had been provided to her on a consignment basis, in order to sell those

photographs and keep the proceeds for herself (rather than turning over the proceeds to the consignors).

Throughout the scheme, Beard repeatedly attempted to lull her victims into a false sense of security by offering excuses for her unwillingness or inability to promptly return the victims' photographs after the expiration of the operative consignment agreement(s). These excuses consisted, primarily, of exaggerating the severity of her own health, including claiming (1) to have recently been in a coma and (2) to have received a double-lung transplant. In other instances, Beard conveyed to her victims that there was a lack of interest among potential purchasers—despite having already sold the photograph(s) in question on at least one occasion. Beard also created fake "employee" identities which she used to correspond with her victims.

In executing the scheme, Beard made frequent use of wire communications in interstate commerce, including email messages and electronic funds transfers.

As a result of her scheme, Beard fraudulently converted and retained (or sold) a large number of these photographs. The parties agree that Beard's conduct involved more than ten individual victims

and that at least one of her victims met the definition of "vulnerable" under the guidelines, due to advanced age.

## 6.    Advice of Rights

The defendant has read the Second Superseding Information, has discussed the charges and possible defenses with her attorney, and understands the crime charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.    The right to confront and cross-examine adverse witnesses at trial;

F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G.   If the defendant chooses not to testify at trial, the right to
have the jury informed that it may not treat that choice as
evidence of guilt;

H.   The right to present evidence or not to present evidence at
trial, whichever the defendant chooses; and

I.   The right to compel the attendance of witnesses at trial.

**7.   Collateral Consequences of Conviction**

The defendant understands that her conviction here may carry
additional consequences under federal or state law. The defendant
understands that, if she is not a United States citizen, her conviction
here may require her to be removed from the United States, denied
citizenship, and denied admission to the United States in the future.
The defendant further understands that the additional consequences of
her conviction here may include, but are not limited to, adverse effects
on the defendant's immigration status, naturalized citizenship, right to
vote, right to carry a firearm, right to serve on a jury, and ability to hold
certain licenses or to be employed in certain fields. The defendant
understands that no one, including the defendant's attorney or the
Court, can predict to a certainty what the additional consequences of

the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

## 8.  Defendant's Guideline Range

### A.  Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B.  Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way;

denying her guilt on the offense to which she is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C.    Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- § 2B1.1(a)(1) – Base Offense Level: 7

- § 2B1.1(b)(1) – The government will argue that the loss exceeds $1,500,000 (for a 16-level increase in the offense level); the defense reserves the right to argue that the loss is between $550,000 and $1,500,000 (for a 14-level increase in the offense level).  The parties agree that the loss was at least $550,000.

- § 2B1.1(b)(2)(A)(i) – Offense involved 10 or more victims (Increase offense level by 2)

- § 3A1.1(b)(1) – Offense involved a vulnerable victim (Increase offense level by 2)

**D.    Factual Stipulations for Sentencing Purposes**

The parties have no additional factual stipulations for sentencing purposes.

**E.    Parties' Obligations**

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F.    Not a Basis to Withdraw**

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

9. **Imposition of Sentence**

A. **Court's Obligation**

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

B. **Imprisonment**

1. **Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

2. **No Right to Withdraw**

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if

Page **10** of **19**

the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a three-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation.  The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D.    Fines**

There is no recommendation or agreement as to a fine.

**E.    Restitution**

The Court must order restitution to every identifiable victim of the defendant's offense. At sentencing, the Court will determine the victims and the amounts of restitution that they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within

three weeks of receiving it from government counsel. The defendant

agrees to participate in a presentencing debtor's examination if

requested to do so by government counsel.

**F.    Forfeiture**

The defendant agrees to forfeit to the United States any and all

property, real or personal, which constitutes, or is derived, directly or

indirectly, from proceeds traceable to her violation of 18 U.S.C. § 1343,

as charged in Count 1 of the Information, pursuant to 18 U.S.C.

§ 981(a)(1)(C) and 28 U.S.C. § 2461(c). Such property includes, but is

not limited to:

- Miscellaneous fine art photographs, including the following:

     a.   All photographs seized by the government; see appendix.

(collectively, "Subject Property"). In addition, defendant agrees to the

entry of a forfeiture money judgment against her, in favor of the United

States, in an amount to be determined. Defendant agrees that she

personally obtained this amount as a result of the fraud scheme

described in the Factual Basis.

The defendant agrees to the entry of one or more orders of

forfeiture, including the entry of a Preliminary Order of Forfeiture,

incorporating the forfeiture of the Subject Property and the forfeiture money judgment, following the defendant's guilty plea, upon application by the United States at, or any time before, her sentencing in this case as mandated by Federal Rule of Criminal Procedure 32.2. The defendant agrees that the forfeiture order(s) will become final as to her at the time entered by the Court.

Defendant acknowledges that she spent and dissipated many of the criminal proceeds that she obtained in connection with the described scheme, making these funds unavailable for forfeiture. Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned by her or under her dominion and control. Defendant explicitly agrees to the forfeiture of any and all assets she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

In entering into this agreement with respect to forfeiture, the defendant expressly waives her right to have a jury determine the forfeitability of her interest in the Subject Property as provided by Federal Rule of Criminal Procedure 32.2(b)(5).

The defendant knowingly, voluntarily, and intelligently waives all constitutional and statutory challenges to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The defendant further agrees to hold the United States, its agents and employees, and any federal and local law enforcement agency involved with this matter harmless from any claims whatsoever in connection with the seizure, detention, forfeiture and/or destruction of the Subject Property.

The defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives her right to challenge any failure by the court to advise her of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### G.    Special Assessment

The defendant understands that she will be required to pay a special assessment of $100.00, due immediately upon sentencing.

10.    **Appeal Waiver**

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 63 months, the defendant also waives any right she may have to appeal her sentence on any grounds.

11.    **Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge her conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

12. **Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw her guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

13. **Use of Withdrawn Guilty Plea**

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14.    Parties to Plea Agreement**

This agreement does not bind any government agency except the

United States Attorney's Office for the Eastern District of Michigan.

**15.    Scope of Plea Agreement**

This plea agreement is the complete agreement between the

parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the

subject matter of this agreement that were made at any time before the

guilty plea is entered in court. Thus, no oral or written promises made

by the government to the defendant or to the attorney for the defendant

at any time before the defendant pleads guilty are binding except to the

extent they have been explicitly incorporated into this plea agreement.

If the parties have entered, or subsequently enter, into a written proffer

or cooperation agreement, though, this plea agreement does not

supersede or abrogate the terms of that agreement. This plea

agreement also does not prevent any civil or administrative actions

against the defendant, or any forfeiture claim against any property, by

the United States or any other party.

**16.    Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in

the United States Attorney's Office by 5:00 p.m. on July 12, 2023. The

government may withdraw from this agreement at any time before the

defendant pleads guilty.

Dawn N. Ison
United States Attorney

John K. Neal
Chief, White Collar Crime Unit
Assistant United States Attorney

Ryan A. Particka
Assistant United States Attorney

Dated: July 5, 2023

By signing below, the defendant and her attorney agree that the
defendant has read or been read this entire document, has discussed it
with her attorney, and has had a full and complete opportunity to
confer with her attorney. The defendant further agrees that she
understands this entire document, agrees to its terms, has had all of her
questions answered by her attorney, and is satisfied with her attorney's
advice and representation.

Steve Fishman
Pamella R. Szydlak
Attorneys for Defendant

Wendy Beard
Defendant

Dated: 7/18/23

Page **19** of **19**