UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,          Case No. 23-cr-20298
                                                Honorable Judith E. Levy

vs.

Wendy Beard,

        Defendant.

## Stipulated Preliminary Order of Forfeiture

Plaintiff, by and through its undersigned attorneys, together with the defendant Wendy Beard ("defendant"), by and through her attorneys, Steve Fishman and Pamella Szydlak, submit this Stipulated Preliminary Order of Forfeiture to the court for immediate entry. As a basis for forfeiture, the Parties stipulate and agree to the following:

1. On May 25, 2023, the United States filed an Information which charges the defendant with one count of Wire Fraud in violation of 18 U.S.C. § 1343. (ECF No. 18, PageID.76).

2. The Information contains a Forfeiture Allegation under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). The Forfeiture Allegation provides notice of the United States' intent to forfeit any property, real or personal,

which constitutes or is derived from, any proceeds obtained, directly or indirectly as a result of the charged violation. The Forfeiture Allegation also provides notice of the Government's intent to seek a forfeiture money judgment and forfeiture of substitute assets. (ECF No. 18, PageID.77-79).

3. On or about July 13, 2023, the defendant entered into a Rule 11 Plea Agreement ("Rule 11") in which she pleaded guilty to the Wire Fraud charge in the Information. (ECF No. 22, PageID.84).

4. In the factual basis for the Rule 11, the defendant agreed that beginning as early as March 2019 and continuing through at least October 2022, she converted to her use multiple fine art photographs that had been provided to her on a consignment basis, to sell those photographs and keep the proceeds for herself (rather than turning over the proceeds to the consignors). (ECF No. 22, PageID.86-87). Defendant also acknowledged that because of her scheme, she fraudulently converted and retained (or sold) a large number of these photographs. (ECF No. 22, PageID.87).

5. As part of her Rule 11, the defendant agreed to forfeiture under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c). Specifically, defendant agreed to forfeit to the United States: Miscellaneous fine art photographs, including the following: all photographs seized by the government; see appendix. (ECF No. 22, PageID.96). In addition, defendant agreed to the entry of a forfeiture

2

money judgment against her, in favor of the United States in an amount to be determined and to the entry of one or more orders of forfeiture, including the entry of a Preliminary Order of Forfeiture. (ECF No. 22, PageID.96-97).

6. The property to be forfeited in this case consists of the following: All artwork/photographs identified in Exhibits 1 and 2 (collectively, "Subject Property"). Exhibit 1 contains a list of all artwork/photographs. Exhibit 2 contains photographs of any artwork/photographs listed as "Unknown" in Exhibit 1.

7. The Parties agree that the amount of the forfeiture money judgment shall be determined by the Court or by stipulation of the Parties after the Parties have an opportunity to review and assess the total value of photographs which defendant consigned, but did not pay the consignor. The Government anticipates that the amount exceeds $1,500,000. Defendant agrees that the amount was at least $550,000.

8. In entering into this Stipulated Preliminary Order of Forfeiture and as agreed in the Rule 11, the defendant agrees to satisfy a portion of the forfeiture money judgment by forfeiting all of her right, title, and interest in the Subject Property to the United States. (ECF No. 22, PageID.96).

9. In her Rule 11, defendant acknowledged that she spent and dissipated many of the criminal proceeds that she obtained in connection with the described scheme, making these funds unavailable for forfeiture. Defendant agreed that the

forfeiture money judgment could be satisfied, to whatever extent possible, from any property owned by her or under her dominion and control. Defendant also agreed to forfeit all assets she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waived and relinquished her right to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise. (ECF No. 22, PageID.97).

10. In entering this Stipulated Preliminary Order of Forfeiture and as agreed in her Rule 11, the defendant waives any right to have a jury determine the forfeitability of her interest in the Subject Property as provided by Fed. R. Crim. P. 32.2(b)(5). The defendant also knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. (ECF No. 22, PageID.98).

11. In entering this Stipulated Preliminary Order of Forfeiture and as agreed in her Rule 11, the defendant acknowledges her understanding that forfeiture of assets is part of the sentence that may be imposed on her in this case and waives her right to challenge any failure by the Court to advise her of this, under Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, or otherwise, at the time her guilty plea was accepted, or at the time her sentence is pronounced by the Court. (ECF No. 22, PageID.98).

12. Counsel for defendant, Steve Fishman and Pamella Szydlak, affirm that they have discussed this Stipulated Preliminary Order of Forfeiture with the defendant and that the defendant consents to the entry of an order forfeiting the Subject Property and imposing a forfeiture money judgment in an amount to be determined.

Based on the Information, defendant's guilty plea and Rule 11 plea agreement, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c) and Federal Rule of Criminal Procedure 32.2, **THIS COURT HEREBY ORDERS THAT**:

1. The Subject Property **IS FORFEITED** to the United States under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461(c) for disposition according to law, and any right, title and interest of the defendant, and any right, title and interest that her heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

2. The United States and its designees, the Federal Bureau of Investigation and the U.S. Marshals Service are authorized, under Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to seize any property identified above which is not currently in its custody or control, and to conduct any discovery the court considers proper to identify, locate, or dispose of any property subject to this or subsequent forfeiture orders in this case.

3. A forfeiture money judgment in an amount to be determined is **GRANTED** and **ENTERED** against Defendant Wendy Beard, in favor of the United States of America. The forfeiture money judgment shall be determined by the Court or by Stipulation of the Parties after the Parties have an opportunity to review and assess the total value of photographs which defendant consigned but did not pay the consignor.

4. To satisfy the money judgment, any assets that Defendant has now, or may later acquire may be forfeited as substitute assets under 21 U.S.C. § 853(p) until the money judgment is satisfied in full. The United States may conduct whatever discovery is necessary to identify and locate substitute assets and to enforce and collect the forfeiture money judgment in accordance with the Federal Rules of Civil Procedure.

5. This Stipulated Preliminary Order of Forfeiture shall become final as to defendant at entry and forfeiture of the Subject Property, along with the forfeiture money judgment, shall be made part of the Defendant's sentence in this case and included in her Judgment.

6. Upon entry of this Order, the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of third parties. The forfeiture of the Subject

Property remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c) and 21 U.S.C. § 853(n).

7.  Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. Rule 32.2(b)(6), and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third-party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

8. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

9. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2).

10. If a third-party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third-party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

11. When forfeiture of any asset included in the list of Subject Property is final as to all third parties, the United States shall be authorized to dispose of that asset as prescribed by law. The net proceeds from the sale of any of the Subject Property shall be credited to defendant's forfeiture money judgment.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, under Fed. R. Crim. P. 32.2(e).

Approved as to form and substance:

Dawn N. Ison
United States Attorney

| | |
|---|---|
| s/Adriana Dydell<br>Adriana Dydell (CA 239516)<br>Assistant United States Attorney<br>211 W. Fort Street, Suite 2001<br>Detroit, MI 48226<br>(313) 226-9125<br>Adriana.Dydell@usdoj.gov<br><br>Dated: June 5, 2024 | s/Steve Fishman<br>Steve Fishman (P23049)<br>Counsel for Wendy Beard<br>615 Griswold, Suite 1125<br>Detroit, MI 48226<br>(313) 962-4090<br>Sfish6666@gmail.com<br><br>Dated: June 5, 2024<br><br>s/Pamella Szydlak<br>Pamella Szydlak (P49783)<br>Counsel for Wendy Beard<br>615 Griswold, Suite 1620<br>Detroit, MI 48226<br>(313) 963-6660<br>pammellar@aol.com<br><br>Dated: June 5, 2024 |

*****************************

**IT IS SO ORDERED.**

Date: June 7, 2024            s/Judith E. Levy
                              Honorable Judith E. Levy
                              United States District Judge